# No. 25-1848

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THE CINCINNATI INSURANCE COMPANY,
*Plaintiff-Appellee*

v.

LEVI OWENS, Personal Representative for the Estate of Christopher McLean,
*Defendant-Appellant*

and

WILMINGTON SHIPPING COMPANY; WAYNE HUNT
*Defendants*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

### RESPONSE TO MOTION FOR LEAVE TO
### FILE SUPPLEMENTAL APPENDIX

| | |
|---|---|
| Jason Scott Luck | John Elliott Parker, Jr. |
| P.O. Box 47 | Parker Law Group, LLP |
| Bennettsville, SC 29512 | P.O. Box 487 |
| 843.479.6863 | Hampton, SC 29924 |
| *Counsel for Defendant-Appellant* | 803.534.5218 |
| | *Counsel for Defendant-Appellant* |

Appellee The Cincinnati Insurance Company ("CIC") requests leave to file a Supplemental Appendix. Appellant Levi Owens opposes this request. Supplemental Appendices are not favored by this Court:

> …
>
> Except under the most extraordinary circumstances, supplementary appendices will not be accepted. If the appellant omits from the appendix the portions designated by the appellee, the appellant will be required to file a corrected appendix incorporating such material, and to bear the cost regardless of the outcome of the appeal.
>
> If a party files a motion for leave to file a supplemental appendix, the motion must specifically identify the contents of the supplemental appendix, state that the items are matters of record, and set forth good cause why the original appendix should not be returned for insertion of the additional materials.

Fourth Circuit Local Rule 30(c).

CIC has identified two memoranda filed with the District Court to include in its Supplemental Appendix. CIC did not designate these documents for inclusion in the original Joint Appendix, even though the majority of the Joint Appendix consists of documents CIC designated.[1] CIC's desire to "properly hyperlink the items" (Motion p. 2) in its brief is not an exceptional circumstance. In *Hansley v. Dejoy*, No. 23-1427, 2024 U.S. App. LEXIS 30433 (4th Cir. Dec. 3, 2024), a previous order requesting supplemental briefing constituted an exceptional circumstance. Further,

---

[1] Owens did not pursue sanctions under Local Rule 30(a) to avoid further delays and because CIC's additions did not create a multi-volume Joint Appendix.

1

in light of the fact (conceded by CIC) that this Court and CIC may rely on materials in the record that are not in the Joint Appendix, a Supplemental Appendix[2] is not even necessary.

Additionally, a Supplemental Appendix is futile and a waste of attorney and judicial resources. The proposed Supplemental Appendix exists to support CIC's argument that Owens has acknowledged the authenticity of the relevant CIC policies, which do not include a physical MCS-90 endorsement. (Appellee Brief pp. 24-32). However, the authenticity of the Wilmington Shipping Company insurance policies is a red herring, as the physical existence of an MCS-90 endorsement is irrelevant. The MCS-90 endorsement is read into a motor carrier's policy as a matter of law. *E.g. Prestige Cas. Co. v. Michigan Mut. Ins. Co.*, 99 F.3d 1340, 1348 n.6 (6th Cir. 1996); *Travelers v. Transport Ins. Co.*, 787 F.2d 1133, 1139 (7th Cir. 1986))

Finally, the insertion of these materials only serve to continue a line of oddly personal attacks on Owens' counsel. In its June 13, 2023, response to Owens' motion to dismiss before the District Court, CIC made a point to mention the involvement of the now-disbarred Alex Murdaugh as former counsel for Owens in the underlying

---

[2] Thankfully, CIC has not requested its supplemental materials be inserted in the current Joint Appendix, as is contemplated by Local Rule 30(c). Had it made such a request, there would be no good cause to order such a sweeping change, which would require revising, reformatting, and repaginating Owens' brief, the Joint Appendix, and CIC's brief. This would be manifestly inequitable to demand this of Owens when the documents in question were omitted by CIC.

2

wrongful death action. CIC's argument implied, without any proof, misconduct on the part of Murdaugh in the underlying case.[3] The District Court wisely ignored these allegations when it granted, in part, Owens' motion. (JA254-274).

CIC continues this line of attack with its argument regarding dilatory conduct, an argument not considered by the District Court. (Appellee Brief pp. 32-34). Levi Owens sees no benefit from the delay of this case. Owens buried his son well over a decade ago, and it took him approximately eight years to obtain a civil judgment against Wayne Hunt, the Wilmington Shipping Company employee who killed him. To date, Owens, who is in his seventies, has not seen a penny of compensation for the loss of his son. Levi Owens sees no benefit from further delay, and there is no bad faith underlying the delays to date, which arise primarily from the Wilmington Shipping Company using a leased vehicle to conceal its involvement in this matter.

## CONCLUSION

The motion should be denied. However, if this Court chooses to grant this motion, any costs arising from it should be borne by CIC.

---

[3] This memorandum and exhibits, which are among the few documents CIC did not designate for the Joint Appendix, can be found at docket numbers 32, 32-1, and 32-2 before the District Court.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 11/07/2025 | /s/ Jason Scott Luck |

Jason Scott Luck
P.O. Box 47
Bennettsville, SC 29512
843.479.6863

John E. Parker, Jr.
PARKER LAW GROUP, LLP
P.O. Box 487
Hampton, SC 29924
803.534.5218

*Counsel for Defendant-Appellant*

4

## CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments): this document contains 869 words.

2. This document complies with the typeface requirements because: this document has been prepared in a proportional spaced typeface using Microsoft Word in 14 point Times New Roman.

| | |
|---|---|
| Dated: 11/07/2025 | /s/ Jason Scott Luck |
| | |
| | Jason Scott Luck |
| | P.O. Box 47 |
| | Bennettsville, SC 29512 |
| | 843.479.6863 |
| | |
| | John E. Parker, Jr. |
| | PARKER LAW GROUP, LLP |
| | P.O. Box 487 |
| | Hampton, SC 29924 |
| | 803.534.5218 |
| | |
| | *Counsel for Defendant-Appellant* |